UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

PHILIP MITCHELL, )
 )
        Plaintiff, )
vs. ) No. 2:13-cv-00284-WTL-DKL
 )
INDIANA DEPARTMENT OF CORRECTIONS, )
CORRECTIONS OFFICER VANZANT, )
 )
        Defendants. )

**Entry Discussing Amended Complaint, Dismissing
Insufficient Claims, and Directing Further Proceedings**

**I. Background**

Plaintiff Philip Mitchell brings this action pursuant to 42 U.S.C. § 1983. In his amended complaint filed on May 22, 2014, he names the following defendants: 1) the Indiana Department of Correction (IDOC); 2) Officer Van Zant; 3) Bruce Lemmon, Commissioner of the IDOC; 4) Tom Hanlon or the current Superintendent of the Reception Diagnostic Center (RDC); 5) the RDC; and 6) John Brush, former RDC Executive Administrative Assistant. Mitchell seeks monetary damages.

**II. Discussion**

**A. Legal Standards**

The amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is

entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Pro se complaints such as that filed by Mitchell are construed liberally and held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### B. Allegations

Mitchell alleges that when he entered the IDOC on January 31, 2013, he was forced to cut his dreadlocks against his will at the RDC, in violation of his religious beliefs as a Rastafarian. Officer Van Zant threatened Mitchell with possible charges of battery if Mitchell continued to refuse to have his hair cut. Mitchell further alleges that while at the RDC, he was denied his right to file a grievance. Mitchell asserts violations of his First, Fifth, and Fourteenth Amendment rights.

### C. Dismissed Claims

The claim against the IDOC is **dismissed** for failure to state a claim upon which relief can be granted because the State (or a state agency) cannot be sued in federal court due to Indiana's Eleventh Amendment immunity. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995). Similarly, any official capacity claim for damages is **dismissed**

as barred by the state's sovereign immunity. *Grayson v. Schuler,* 666 F.3d 450, 451 (7th Cir. 2012).

Any claims against Commissioner Bruce Lemmon and Superintendent Hanlon are **dismissed** because Mitchell does not allege that these individuals personally participated in cutting his hair. Without personal participation in wrongdoing, there can be no recovery under 42 U.S.C. § 1983. *Minix v. Canarecci,* 597 F.3d 824, 833 (7th Cir. 2010); *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). Mitchell cannot sue Commissioner Lemmon or Superintendent Hanlon based merely on their supervisory capacities because "[i]t is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010).

Any claim against the RDC is **dismissed** because the RDC is a building, not a "person" subject to suit in a section 1983 action.

Mitchell alleges that defendant John Brush prevented Mitchell from filing grievances to complain about prison officials cutting his hair, in violation of the Fourteenth Amendment. This Fourteenth Amendment claim is **dismissed** for failure to state a claim upon which relief can be granted because the failure of prison officials to process grievances or to do so leading to a particular result is not actionable under 42 U.S.C. ' 1983. *Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008) (denouncing a Fourteenth Amendment substantive due-process right to an inmate grievance procedure.); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state=s inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause").

Mitchell further alleges that the defendants violated his rights pursuant to the First and Fifth Amendments to the United States Constitution. The First Amendment claim is sufficient to address the denial of Mitchell's freedom of religion claim and therefore, the Fifth Amendment claim is **dismissed** as improper and unnecessary. Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's complaint "gains nothing by attracting additional constitutional labels").

Finally, the Court, mindful of the Seventh Circuit's ruling in *Grayson v. Schuler,* 666 F.3d 450, 451 (7th Cir. 2012), construes the plaintiff's *pro se* complaint as also asserting a claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq*. (RLUIPA). "The plaintiff doesn't mention the Act, but he is proceeding pro se and in such cases we interpret the free exercise claim to include the statutory claim." *Grayson,* 666 F.3d at 451. Any RLUIPA claim for damages, however, is **dismissed** because it "does not create a cause of action against state employees in their personal capacity." *Id.* Although RLUIPA does authorize injunctive relief, any injunctive claim is moot because Mitchell's hair was cut when he initially entered the RDC, and he is no longer confined at the RDC. *Id.*

No partial final judgment shall issue as to the claims that are dismissed in this Entry.

### D.  Claim that Shall Proceed

The only viable claim identified by the Court is Mitchell's claim that Officer Van Zant forced him to cut his hair when he entered the IDOC at the RDC, in violation of his First Amendment free exercise of religion rights. This claim shall proceed as submitted in the amended complaint.

If Mitchell believes that he has asserted any additional viable claims not identified in this Entry, he should notify the Court of this fact no later than **August 25, 2014**.

## III. Service of Process

The **clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on defendant Officer Van Zant in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the amended complaint filed on May 22, 2014 (docket 17), applicable forms and this Entry. The clerk shall **update the docket** to reflect Officer Van Zant as the only defendant.

The plaintiff's motion to review Court's ruling [dkt. 20] and motion to amend complaint [dkt. 21] are **granted** to the extent consistent with the rulings in this Entry.

**IT IS SO ORDERED.**

Date: 7/28/14

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

PHILIP MITCHELL
231218
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Officer Van Zant
Reception Diagnostic Center
737 Moon Road
Plainfield, IN 46168

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.